UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARIO JERMAINE WILSON, Plaintiff | CIVIL ACTION NO. 1:17-CV-664-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| B. VALLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Mario Jermaine Wilson ("Wilson") (#24327-076) filed a complaint in the Eastern District of Louisiana under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] and the Federal Tort Claims Act ("FTCA"). The case was transferred to this Court, and Wilson was granted leave to proceed *in forma pauperis*. (Docs. 4, 11). Wilson is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Wilson complains that he was wrongfully confined to administrative segregation from June 9, 2016, through June 15, 2016.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I. Background

Wilson was convicted of an unspecified disciplinary offense, and was sanctioned to administrative segregation. (Doc. 8, pp. 3, 5). Wilson alleges he was kept in administrative segregation for seven days after the expiration of his sentence, in violation of his constitutional rights and the FTCA. Wilson seeks $7,000 in damages for the allegedly unlawful confinement.

II. Law and Analysis

A. Wilson's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Wilson is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Wilson's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Wilson's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B.  **Wilson has not stated a viable due process claim.**

To establish a due process violation, a plaintiff must show that he was deprived of a liberty interest protected by the Constitution or other federal law. Sandin v. Conner, 515 U.S. 472, 483–84 (1995).[2] A prisoner's constitutionally protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (internal citations omitted).

Seven extra days of administrative segregation does not implicate a liberty interest protected by the Due Process Clause. See Sandin, 515 U.S. at 485–86 (finding no liberty interest protecting against a 30–day period of disciplinary segregation); Oser v. Pollock, 547 F. App'x 458 (5th Cir. 2013) (placement in any SHU or SMU after the expiration of prisoner's disciplinary sentence did not impose any atypical or significant hardship in relation to the ordinary incidents of prison life). Although the Fifth Circuit has found that segregated confinement may be sufficiently "atypical" to implicate a due process liberty interest when a plaintiff was kept on

---

[2] While Sandin addressed state-created liberty interests under the Fourteenth Amendment, its reasoning applies equally to Fifth Amendment due process claims brought by federal prisoners pursuant to Bivens. See Crowder v. True, 74 F.3d 812, 814–15 (7th Cir. 1996).

3

lockdown status for 30 years, see Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003), Wilson has not alleged such extraordinary circumstances sufficient to state a constitutional violation.

Moreover, "a prison inmate does not have a protectable liberty or property interest in his custodial classification." See Wolters v. Fed. Bureau of Prisons, 352 F. App'x 926, 928 (5th Cir. 2009) (citing Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)). Classification of inmates is an administrative function, and prison officials can change an inmate's classification for almost any reason or no reason at all. See Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989); Wolters v. Federal Bureau of Prisons, 352 Fed. Appx. 926, 928 (5th Cir. 2009); Mendoza v. Lynaugh, 989 F.2d 191, 194 n. 4 (5th Cir. 1993).

### C. Wilson has not stated a viable Eighth Amendment claim.

To the extent that Wilson seeks to raise an Eighth Amendment claim, his complaint is meritless. To establish an Eighth Amendment violation based on conditions of confinement, a prisoner must satisfy both an objective and a subjective component. See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). "First, he must show that his confinement resulted in a deprivation that was 'objectively, sufficiently serious.'" Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To make such a showing, the prisoner must demonstrate that the deprivation violated contemporary standards of decency and resulted in the denial of "the minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

4

Second, the prisoner must show that prison officials possessed a sufficiently culpable state of mind, in that they were deliberately indifferent to the alleged conditions. See Wilson, 501 U.S. at 297-303; Woods, 51 F.3d at 581. To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. Finally, a prisoner must also allege an injury that is more than *de minimis*, although it need not be significant. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999).

Wilson has not alleged unconstitutional conditions of confinement during his seven extra days in segregation.

### D. Wilson has not stated a viable FTCA claim.

Wilson failed to name the United States as a defendant. The United States, and not the responsible agency or employee, is the proper party defendant in a suit under the FTCA. See Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988). However, even if Wilson had named the United States as the defendant in his FTCA claim, the claim would fail.

The United States has sovereign immunity from suit except when it waives this immunity by consent. See United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides consent for suit against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 1346(b)(1). Wilson did not suffer any personal injury, and the FTCA prohibits an inmate from filing suit against the United States for

5

mental or emotional injury absent a prior showing of physical injury. 28 U.S.C. § 1346(b)(2).

Moreover, even if Wilson had suffered a compensable injury, his claim would still fail. Several exceptions limit the waiver of immunity under the FTCA. In particular, the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . ." 28 U.S.C. § 2680(h). Wilson claims that he was kept in segregation for seven extra days because of Defendants' misrepresentation that there was a lack of bed space in general population. Additionally, Wilson has not alleged any negligent act or omission by a BOP employee.

III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Wilson's complaint be **DENIED** and **DISMISSED** with prejudice as frivolous under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___7th___ day of August, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge